FILED & ENTERED

FEB 28 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY francis    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Office Uprising, LLC<br><br>            Debtor(s). | Case No.: 2:19-bk-11840-SK<br><br>CHAPTER 11<br><br>**ORDER:**<br><br>   **(1) SETTING STATUS CONFERENCE;**<br><br>   **(2) REQUIRING DEBTOR TO APPEAR AND FILE  REPORT RE: STATUS OF REORGANIZATION AND TO FILE UPDATED STATUS REPORTS;**<br><br>   **(3) REQUIRING DEBTOR'S COUNSEL TO APPEAR AT ALL HEARINGS IN THE CASE:**<br><br>   **(4) GIVING NOTICE OF PROBABLE USE OF COURT-APPOINTED EXPERT FOR CONTESTED VALUATION REQUESTS;**<br><br>   **(5) MANDATING USE OF SPECIFIC FORMS BY NON-INDIVIDUAL AND INDIVIDUAL DEBTORS; and**<br><br>   **(6) ESTABLISHING PROCEDURE FOR MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT AND MOTION FOR ORDER CONFIRMING PLAN**<br><br>   **(7) RE: DUTY OF CARE REGARDING SCHEDULES AND STATEMENTS FILED BY THE DEBTOR**<br><br>Chapter 11 Status Conference Date<br>Date:    May 01, 2019<br>Time:    9:00 a.m.<br>Place:   Courtroom 1575<br>            Roybal Federal Building<br>            255 E. Temple Street,<br>            **Los Angeles, CA 90012** |

**READ THIS ORDER CAREFULLY. FAILURE TO COMPLY WITH ITS TERMS MAY RESULT IN THE CONVERSION OR DISMISSAL OF THE BANKRUPTCY CASE, OR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE. ADDITIONALLY, FAILURE TO ABIDE BY ORDERS OF THE COURT DURING THE PENDENCY OF THE CASE MAY ALSO RESULT IN THE CONVERSION OR DIMISSAL OF THE BANKRUPTCY CASE, OR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE.**

On February 21, 2019, **Office Uprising, LLC** (Debtor) filed a voluntary chapter 11 bankruptcy case (Case). Pursuant to 11 U.S.C. § 105(d) and to expedite the disposition of the Case, the Court orders the following:

## I. STATUS REPORT

The Debtor shall file with the Court, deliver a Judge's copy to chambers, and serve the United States Trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims and all official committees by **March 26, 2019**, a report regarding the status of this reorganization case (Status Report). Failure to timely file and serve the Status Report may result in the imposition of monetary sanctions or dismissal of the case without further notice. The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

A. Provide an estimate of when the Debtor plans to file and serve a motion for order approving adequacy of disclosure statement (Disclosure Statement Motion) and a motion for order confirming Chapter 11 Plan (Confirmation Motion);

B. Propose a deadline for filing proofs of claims. If the Debtor does not believe that a deadline for filing proofs of claims should be set during the initial status conference in the Case, the Debtor must explain why;

C. Disclose whether Debtor has performed all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and if not, why;

D. Describe concisely the post-petition operations of the Debtor (including authority to use cash collateral), litigation in which the Debtor is involved and the status of the Debtor's efforts to reorganize;

E. If Debtor's proposed counsel is not filing documents electronically via CM/ECF, explain why not; and

F. Disclose whether Debtor has hired any professionals and, if so, whether the professionals' employment has been approved by the Court. If such employment has not been approved, then explain why, and provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate.

## II. STATUS CONFERENCE

A status conference (Status Conference) will be held on **May 01, 2019 at 9:00 a.m. in Courtroom 1575, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.

If Debtor does not timely file and serve a Status Report and appear at the Status Conference, the Court may order:

A. The appointment of a trustee pursuant to 11 U.S.C. § 1104(a);

B. The conversion of the Case to one under Chapter 7 pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b); or

C. The dismissal of the Case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b) without further notice.

If Debtor timely files and serves a Status Report, including serving a Judge's copy, and appears at the Status Conference, the Court will ordinarily:

A. Set deadlines for filing proofs of claim and hearings on objections to claims.

B. Set deadlines for filing the Disclosure Statement and Chapter 11 Plan and deadlines for filing the Disclosure Statement Motion.

C. Set a hearing on a Disclosure Statement Motion.

D. If the deadlines set by the Court are not met, the Court may issue an order to show cause why the Case should not be converted or dismissed.

### III.  UPDATED STATUS REPORTS

Debtor must file and serve an updated Status Report (USR) on the United States Trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims and all official committees, and deliver a Judge's copy to chambers, at least 14 days before each continued status conference.  Each USR must include detailed information regarding all significant events that have occurred in the Case from the petition date until the date the USR is filed.  Such information shall include:

A. The filing date, description, and disposition of all motions filed in the Case;

B. Updates regarding the status of any negotiations with creditors or other parties;

C. The date the Court has set for filing a Disclosure Statement and Chapter 11 Plan, or if a Disclosure Statement and Plan have already been filed, the date scheduled for approval of the Disclosure Statement Motion or Confirmation Motion; and

D. Any other information the Debtor believes will assist the Court in understanding the progress of the Case.

Failure to timely file and serve a USR before each continued status conference, or to appear at each continued status conference, may result in the imposition of monetary sanctions or dismissal of the case without further notice.

### IV. COUNSEL OF RECORD MUST APPEAR AT ALL HEARINGS

Unless the Court waives appearances in a tentative ruling, Debtor's counsel of record must appear at all hearings. Counsel of record must not send "appearances attorneys" to appear on his/her behalf at any hearing in this Case.

### V. VALUATION REQUESTS

If a request for a valuation of collateral under 11 U.S.C. § 506(a) and FRBP 3012 is made, and more than one party intends to provide admissible evidence regarding value, it is likely that the Court will also require the testimony of a court-appointed expert pursuant to FRE 706(a). Cost of the expert will be shared equally by the parties, and must be paid within 7 days of receipt of a bill from the expert.

### VI. MANDATING USE OF SPECIFIC FORMS BY NON-INDIVIDUAL AND INDIVIDUAL DEBTORS

A. Non-Individual Debtors

Located on Judge Klein's website is a document entitled "Combined Disclosure Statement and Plan of Reorganization" which contains an exemplar of a Disclosure Statement and Plan in MS Word format. Unless Judge Klein orders otherwise, in all non-individual debtor cases, the proponent of any Plan must use this exemplar when drafting its Disclosure Statement and Plan.

//

//

B. Individual Debtors

For individual debtors, it is mandatory to use the LBR form motions and orders that are numbered in the F 2081-1 series. The mandatory LBR form motions and orders are available on the court website.

### VII. DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURE

A. Requests for orders approving disclosure statements under 11 U.S.C. § 1125 and for orders confirming a Plan of reorganization under 11 U.S.C. § 1129 must be made by motion within the meaning of Federal Rules of Bankruptcy Procedure 9013 and 9014. All motions must be supported by evidence admissible under the Federal Rules of Evidence and in compliance with Local Bankruptcy Rule 9013-1(i).

B. After granting a Disclosure Statement Motion, the Court will:
   1. Set a hearing on a Confirmation Motion.
   2. Set a deadline for serving the approved disclosure statement and the notice of hearing on the Confirmation Motion.
   3. Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to the Confirmation Motion to the proponent of the Plan and the proponent's attorney.
   4. Notice of the following must be filed and served in accordance with Federal Rule of Bankruptcy Procedure 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020:
      a. The hearing on the Confirmation Motion.
      b. The deadline for filing and serving objections to the Confirmation Motion; and
      c. The deadline for voting on the Plan.

5. The ballot summary must be filed, served and a Judge's copy hand-delivered to chambers no later than 14 days before the confirmation hearing.

6. The Confirmation Motion must be served upon the U.S. Trustee, any committee appointed under 11 U.S.C. § 1102, any party that has timely filed and served a preliminary objection to confirmation by the balloting deadline, and any party that has voted against the proposed Plan. A Judge's copy must also be served as provided in Local Bankruptcy Rule 5005-2(d) and the Court Manual. The Confirmation Motion must meet at least the following criteria:

   a. The Confirmation Motion must be supported by evidence establishing that the Plan is confirmable under 11 U.S.C. § 1129.

   b. The Confirmation Motion must be served at least 36 days before the confirmation hearing on the United States Trustee, any official committee, and all creditors and equity security holders who have filed and served on the Plan proponent a preliminary objection to confirmation, and/or voted to reject the Plan; and

   c. The Plan proponent must serve with the Confirmation Motion a notice of the confirmation hearing date that contains, among other information, notice of requirement that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

//
//

## VIII.  DUTY OF CARE REGARDING SCHEDULES AND STATEMENTS

Whether the Debtor files its schedules and statements using the 100 series (for individual debtors) or the 200 series (for non-individual debtors), the forms are mandatory and must be executed under penalty of perjury.  Any disclaimers, reservations, caveats, general notes or exceptions that Debtor or their counsel may append to or include in such forms are ineffective to alter the duty of care or the level of detail required in connection with the preparation of these forms and do not create or preserve any rights that would not otherwise have existed in the absence of such language.

###

Date: February 28, 2019

Sandra R. Klein
United States Bankruptcy Judge